**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LAURIE A. TODD,**

                                        **Debtor-Appellant,**

    **vs.**

                                                            **1:20-CV-698**
                                                            **(MAD)**

**CHAPTER 7 TRUSTEE, and**
**ENDURANCE AMERICAN INSURANCE**
**COMPANY,**

                                        **Appellees.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **OFFICE OF DAVID G. GOLDBAS** | **DAVID G. GOLDBAS, ESQ.** |
| 185 Genesee Street, Suite 905 | |
| Utica, New York 13501 | |
| Attorneys for Debtor-Appellant | |
| | |
| **THE DRIBUSCH LAW FIRM** | **CHRISTIAN H. DRIBUSCH, ESQ.** |
| 1001 Glaz Street | |
| East Greenbush, New York 12061 | |
| Attorneys for Appellee Chapter 7 Trustee | |
| | |
| **McELROY, DEUTSCH LAW FIRM** | **ADAM RAFE SCHWARTZ, ESQ.** |
| Morristown New Jersey Office | |
| 1300 Mount Kemble Avenue | |
| P.O. Box 2075 | |
| Morristown, New Jersey 07962 | |
| Attorneys for Appellee Endurance American | |
| Insurance Company | |
| | |
| **TRIF & MODUGNO LLC** | **KEVIN S. BROTSPIES, ESQ.** |
| 89 Headquarters Plaza North, Suite 201 | |
| Morristown, New Jersey 07960 | |
| Attorneys for Appellee Endurance American | |

Insurance Company

**MCELROY, DEUTSCH, MULVANEY**        **NICOLE A. LEONARD, ESQ.**
**& CARPENTER**
New York Office
225 Liberty Street, 36th Floor
New York, New York 10281
Attorneys for Appellee Endurance American
Insurance Company

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Laurie A. Todd, Debtor, proceeding under Chapter 7 of the United States Bankruptcy Code, appeals from the judgment of the Bankruptcy Court, entered on June 11, 2020 ordering the liquidation of Debtor's inherited individual retirement account (hereinafter "IRA"). Debtor timely filed a notice of appeal with the bankruptcy court on June 17, 2020. The Court has jurisdiction to consider this appeal, pursuant to 28 U.S.C. § 158(a)(1), as an appeal from a final judgment, order, or decree entered by the United States Bankruptcy Court in this district.

The issue on appeal is whether the liquidation order was void because it ordered the liquidation of exempt property. The Bankruptcy Court ruled that Debtor was not entitled to claim the IRA as exempt under Florida Statutes § 222.21 and denied both Debtor's untimely appeal of the Bankruptcy Court's decision and her request for an extension to file a Notice of Appeal. For the following reasons, this Court affirms.

## II. BACKGROUND

Debtor filed a petition for relief pursuant to Chapter 11 of the Bankruptcy Code on May 20, 2015.  R. 1-3.[1]  The case is currently proceeding under Chapter 7.  *Id*. at 166.  Appellee, Endurance American Insurance Company (hereinafter "Appellee Endurance"), filed a Proof of Claim against the Debtor for $1,769,317.00.  *Id*. at 43-44.  In her petition, Debtor declared her ownership of real property located at 341 Miller Road, Hudson, New York and at 7838 Mimosa Drive, Port Richey, Florida.  *Id*. at 9.  Debtor also declared ownership of an inherited IRA held by Charles T. Schwab & Co. valued at $1,000,000.  *Id*. at 11.

Debtor claimed an exemption for the IRA under N.Y. C.P.L.R. § 5205(c)(1), (2).  *Id*. at 14.  On March 23, 2018, the Bankruptcy Court rejected Debtor's use of the exemption.  *Id*. at 166.  On July 6, 2018, Debtor amended her Schedule C to claim that the IRA was exempt under Florida law, Fla. Stats. § 222.21.  *Id*. at 660-62.  In August 2018, Debtor's case was converted to a Chapter 7.  *Id*. at 166.  On February 11, 2019, the Chapter 7 Trustee moved for a denial of the Florida exemption.  *Id*. at 597-611.  On March 19, 2019, the Bankruptcy Court held a hearing pursuant to 11 U.S.C. § 522(b) to determine Debtor's domicile for the purpose of applying the Florida exemption.  *Id*. at 193.  On December 23, 2019, the Bankruptcy Court determined that Debtor was not a Florida domiciliary and that the exemption was, therefore, inapplicable.  *Id*. at 179-92.

Debtor filed two untimely notices seeking appeal of the Bankruptcy Court's decisions on January 10, 2020.  *Id*. at 148-51.  On January 16, 2020, Debtor filed a motion before this Court,

---

[1] The Court cites to the record provided by Appellant, Debtor, (Dkt. No. 7) as "R.  __." and uses the continuous page numbers included at the bottom center of the pages.  *See* Dkt. Nos. 7-2, 7-3, 7-4, 7-5, 7-6, 7-7.

seeking an extension of time to file her Notice of Appeal. *Id*. at 135-36. The Court remanded Debtor's motion to the Bankruptcy Court and her motion was denied as the Bankruptcy Court determined that there was no excusable neglect. *Id*. at 96-107, 127-31. On June 2, 2020, Debtor filed another Notice of Appeal seeking review by this Court of the Bankruptcy Court's denial of her request for an extension of time in the Northern District of New York. *In re Todd*, No. 1:20-cv-00612, Dkt. No. 1. This Court dismissed Debtor's appeal that same day for failing to comply with the filing requirements of Rule 8006. *In re Todd*, No. 1:20-cv-00612, Dkt. No. 4.[2]

---

[2] Appellee Trustee asserts that the Court lacks jurisdiction over Debtor's claims as the Court has already examined these issues. Dkt. No. 14 at 3 (citing *In re Todd*, No. 1:20-cv-00045, Dkt. Nos. 7, 9; *In re Todd*, No. 1:20-cv-00612, Dkt. No. 4). However, these orders dismissed Debtor's appeals because they were not properly before the Court. On January 16, 2020, Debtor improperly filed a Rule 8002 motion before the Northern District. *In re Todd*, No. 1:20-cv-00045, Dkt. No. 4. As the Court lacked subject matter jurisdiction over this claim, the March 24, 2020 summary order remanded the Debtor's appeal to the Bankruptcy Court to examine whether Debtor had made a showing of excusable neglect. *In re Todd*, No. 1:20-cv-00045, Dkt. No. 7. In accordance with the Bankruptcy Court's subsequent decision, judgment was entered on June 2, 2020 in favor of the Trustee. *In re Todd*, No. 1:20-cv-00045, Dkt. No. 9. On June 3, 2020, Debtor filed another appeal before the Northern District regarding the Bankruptcy Court's May 29, 2020 decision. *In re Todd*, No. 1:20-cv-00612, Dkt. No. 1. The Court dismissed Debtor's appeal for failing to comply with the filing requirements of Rule 8006. *In re Todd*, No. 1:20-cv-00612, Dkt. No. 4 (citing Fed. R. Bankr. P. 8006). Debtor's appeals were procedurally improper and thus the merits were never considered by the Northern District. The Court therefore rejects Appellee Trustee's assertion that the Court lacks subject matter jurisdiction over these claims. *See Austin v. Downs, Rachlin & Martin Burlington St. Johnsbury*, 270 Fed. Appx. 52, 54 (2d Cir. 2008) (the doctrine of collateral estoppel requires that "the issue was actually litigated"). Further, to the extent that Appellee Trustee asserts that the law-of-the-case-doctrine bars the appeal of issues and examining the application of the law to the facts at the lower court, they are plainly wrong. *Musacchio v. United States*, 577 U.S. 237, 245 (2016) ("An appellate court's function is to revisit matters decided in the trial court. When an appellate court reviews a matter on which a party failed to object below, its review may well be constrained by other doctrines such as waiver, forfeiture, and estoppel, as well as by the type of challenge that it is evaluating. But it is not bound by district court rulings under the law-of-the-case doctrine").

On June 11, 2020, the Bankruptcy Court issued an order authorizing the liquidation of the Debtor's IRA.  Dkt. No. 1 at 3-4.  The liquidated IRA recovered $800,585.68.  Dkt. No. 12 at 7.  On June 17, 2020, Debtor filed a Notice of Appeal seeking review of the liquidation order.  Dkt. No. 1.  On June 24, 2020, Debtor filed this action appealing the Bankruptcy Court's liquidation order and the Bankruptcy Court's determination that Debtor was not a Florida domiciliary.  *Id*.

On November 13, 2020, Debtor filed a brief in support of her appeal.  Dkt. No. 12.  Appellee Trustee responded to Debtor's appeal on December 21, 2020.  Dkt. No. 14.  Debtor filed a reply on January 11, 2021.  Dkt. No. 15.  Debtor asserts that the Bankruptcy Court improperly rejected her claim of a Florida exemption and denied her motion for an extension to file a Notice of Appeal.  Thus, Debtor asserts that the liquidation order included properly exempt property, exceeding its authority under § 105(a), and is void.  The Court disagrees.

### III. DISCUSSION

#### A. Standard of Review

In reviewing the judgment of a bankruptcy court, a district court reviews findings of fact for clear error and conclusions of law *de novo*.  *See In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003).  A bankruptcy court's determination is "clearly erroneous when, on consideration of the record as a whole, the court is left with the definite and firm conviction that a mistake has been committed."  *Hilton v. Wells Fargo Bank, N.A.*, 539 B.R. 10, 15 (N.D.N.Y. 2015) (citing *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) (further citations omitted)).

#### B. December 23, 2019 Decision

##### 1. Debtor's domicile

Debtor asserts that the Bankruptcy Court improperly determined that she was not a Florida domiciliary and therefore unable to claim a Florida bankruptcy exemption.  Dkt. No. 12 at 7-10.

A debtor may exempt property under "[s]tate or local law that is applicable on the date of the filing of the petition . . . ."  11 U.S.C. § 522(b)(3)(A).  The applicable state law is determined by the debtor's domicile 730 days immediately preceding the date of the filing of the petition for bankruptcy.  *Id.*  If, however, the debtor's domicile changed during that period, her domicile is "the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place."  *Id.*

The Bankruptcy Code does not define "domicile," however, it is defined by "the general rules of domicile established in federal diversity jurisdiction cases."  *Shiu Jeng Ku v. Brown (In re Shiu Jeng Ku)*, BAP No. AZ-16-1174, 2017 WL 2705301, *4 (9th Cir. BAP June 21, 2017).  In a diversity action, "[d]omicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'"  *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)).  "To effect a change of domicile, two things are indispensable: First, residence in a new domicil; and, second, the intention to remain there.  The change cannot be made, except *facto et animo*.  Both are alike necessary.  Either without the other is insufficient." *Id.* (quoting *Linardos*, 157 F.3d at 948) (internal quotation marks omitted).

"Questions as to a person's 'intent to change, or not to change, his domicile from [one state] to [another]' are 'factual' questions."  *Id.* (quoting *Katz v. Goodyear Tire & Rubber Co.*, 737 F.2d 238, 244 (2d Cir. 1984)) (alterations in original).  "A party alleging that there has been a

change of domicile has the burden of proving the 'require[d] . . . intent to give up the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality,' and must prove those facts 'by clear and convincing evidence.'" *Id*. (quoting *Katz*, 737 F.2d at 244) (alterations in original).  Review of a decision by a lower court as to whether there has been a change in the party's domicile are reviewed for "clear error."  *Id*.

Debtor asserts that the Bankruptcy Court improperly determined that her domicile was not Florida.  Dkt. No. 12 at 8-9.  The Court rejects Debtor's assertion as the evidence fails to demonstrate Debtor's intent to remain in Florida at any point during the two years prior to filing her petition.  Rather, the evidence demonstrates, at best, part-time residency.

Debtor highlights that she owned property in Florida, which she rehabilitated, paid taxes on, insured, and maintained.  *Id*. at 9.  These facts, however, demonstrate no more than the simple obligations of ownership of real property.  While Debtor asserts that she spent the majority of her time in Florida, received medical care there, socialized with friends and family there, the Bankruptcy Court noted that during the relevant period, Debtor voted in New York; had a New York license; owned, registered, and operated a car in New York; her husband lived in New York, as did her eldest child, sister, brother, nieces, and nephews; and the only medical care Debtor sought during the relevant period was a routine dentist visit.  R. 182-84.

Further, Debtor filed a declaration of domicile in Florida in 2019—*after* the relevant period and four years after Debtor petitioned for bankruptcy.  *Id*.  Finally, as noted by the Bankruptcy Court, while Debtor provided a timeline prepared by her son showing her time in

Florida, Debtor conceded at the March 19, 2019 hearing that it was not accurate and even repeatedly referred to New York as "home."  *Id.*; R. 13, 52, 54, 124, 125-26, 130.

Based on the evidence above, the Court cannot say that the Bankruptcy Court's determination that Debtor's domicile was not Florida was clearly erroneous.  Rather, there is ample evidence in the record to support the Bankruptcy Court's determination.

### 2. Appellee Trustee's objection

Debtor asserts that the Bankruptcy Court also erred by allowing Appellee Trustee to object to Debtor's claim of the Florida exemption on February 11, 2019, six months after amending her Schedule C.  Dkt. No. 12 at 10.

"[A] party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later."  Fed. R. Bankr. P. 4003.  "[A] trustee's failure to make a timely objection prevents him from challenging an exemption."  *Law v. Siegel*, 571 U.S. 415, 423 (2014) (citing *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643-44 (1992)).

The Parties debate whether a trustee may keep a meeting of creditors open to extend the period of time to object pursuant to Rule 4003.  Dkt. No. 12 at 10; Dkt. No. 15 at 3.  However, the Court need not address this issue.  Debtor never raised the issue of whether the Trustee failed to object within the time set forth in Rule 4003(b) with the Bankruptcy Court and therefore is precluded from asserting it on appeal.  *See* Dkt. No. 12 at 2; R. 179-92, 526-29, 594-96; *In re Anderson*, 884 F.3d 382, 388 (2d Cir. 2018) (quoting *Anderson Group, LLC v. City of Saratoga*

*Springs*, 805 F.3d 34, 50 (2d Cir. 2015)) ("'It is well settled that arguments not presented to the district court are considered waived and generally will not be considered for the first time on appeal'"); *see also Eustache v. Home Depot U.S.A., Inc.*, 621 Fed. Appx. 86, 88 (2d Cir. 2015) (rejecting arguments made by a *pro se* litigant for the first time on appeal); *In re Soori-Arachi*, 623 B.R. 181, 193-94 (B.A.P. 1st Cir. 2021) (holding that the debtor waived his right to object to the timeliness of the trustee's objection to a claimed exemption under Rule 4003 where the debtor failed to raise the issue before the bankruptcy court until after he had already litigated the merits of the objection).

Moreover, even assuming that Debtor had not waived this issue by failing to raise it before the Bankruptcy Court, the Court finds that the Trustee's objection was timely. The Trustee had until (1) thirty days after the amendment where the exemption was first claimed; or (2) thirty days after the meeting of creditors until Section 341(a) is concluded, whichever is later. *See* Fed. R. Bankr. P. 4003(b). Debtor filed her Amended Schedule C claiming the IRA was exempt under Florida Law on July 6, 2018. After the case was converted to a Chapter 7, by order dated August 20, 2018, the Section 341 meeting was scheduled for October 16, 2018. Thereafter, the Section 341 meeting was adjourned, on consent, to November 20, 2018, "as a control date," "to allow the Trustee to complete his discovery of documents." Dkt. No. 15 at 1-2. The Trustee adjourned the Section 341 meeting on November 20, 2018, November 26, 2018, December 19, 2018, January 16, 2019, and February 19, 2019. *See id.* at 2. The meeting of the creditors

remained open through March 19, 2019, and the Trustee filed his objection to the exemption on February 11, 2019.

Debtor argues that, "[w]hile Bankruptcy Rule 4003(b) does allow an enlargement of time from the conclusion of the 341 meeting, case law requires that the Trustee cannot keep that meeting open indefinitely." Dkt. No. 15 at 1 (citing *Moyer v. Dutkiewicz*, 408 B.R. 103, 110 (B.A.P. 6th Cir. 2009)).  Further, Debtor contends that the Trustee cannot rely on adjournments of the Section 341 meeting when the delay is unreasonable.  *See id.* (citing *In re Levitt*, 137 B.R. 881, 883 (Bankr. D. Mass. 1992)).  In the cases Debtor relies upon, however, the trustee failed to unequivocally indicate that the Section 341 meeting was being held open when it was adjourned. Indeed, the Sixth Circuit specifically noted that had the trustee made such an unequivocal statement by the trustee "that the meeting was being held open, a delay of several months before concluding the meeting may well have been acceptable under the case-by-case approach."  *In re Dutkiewicz*, 408 B.R. 103, 110-11 (B.A.P. 6th Cir. 2009).  Here, there is no dispute that the Section 341 meeting timely adjourned several times through March 19, 2019 and that Debtor consented to those adjournments.  Considering the facts of this case, the Court finds that the Section 341 meeting was not held open for an unreasonable amount of time.  *See In re Peres*, 530 F.3d 375, 378 (5th Cir. 2008) (holding that the trustee acted reasonably in continuing the Section 341 creditors' meeting from September 23, 2005, until August 24, 2006).

Accordingly, the Court finds that, even assuming that Debtor had not waived this issue by failing to raise it before the Bankruptcy Court, her argument is without merit.  Therefore, the Court affirms the Bankruptcy Court's determination as the Court cannot say that the Bankruptcy

Court's finding that Debtor's domicile was not Florida was clearly erroneous pursuant to Appellee Trustee's objection.

**C.    The Bankruptcy Court's May 29, 2020 Decision**

Debtor claims that the Bankruptcy Court abused its discretion when it denied Debtor an extension of three days to file a notice of appeal based on excusable neglect. Dkt. No. 12 at 10-12. On December 23, 2019, the Bankruptcy Court issued a decision rejecting that Debtor was a Florida domiciliary. R. 179-92. The court's order required that Debtor file a notice of appeal by January 7, 2020. Dkt. No. 12 at 11. Debtor filed a notice of appeal on January 10, 2020, three days late. R. 149-51. In addition, Debtor filed a motion for an extension of time to file her notice of appeal. *Id*. On May 29, 2020, the Bankruptcy Court issued a decision rejecting Debtor's motion for an extension finding that there was no excusable neglect. R. 96-107.

Debtor asserts that the Bankruptcy Court improperly found that she had not demonstrated excusable neglect. Dkt. No. 12 at 10-12. Debtor claims that while the Bankruptcy Court identified the appropriate factors to consider, the court improperly applied a stricter standard than required and failed to afford her greater deference as she appeared *pro se* at the time. *Id*. at 11-12. The Court disagrees.

"An appeal under [28 U.S.C. § 158(a) or (b)] shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Generally, a notice of appeal must be filed within 14 days after entry of the judgment, order, or decree being appealed. *See* Fed. R. Bankr. P. 8002(a)(1). "Timely filing [of a notice of appeal] is not merely a

procedural requirement, but 'is mandatory and jurisdictional.'" *United States v. Stute Co*., 402 F.3d 820, 822 (8th Cir. 2005) (quoting *United States v. Fitzgerald*, 109 F.3d 1339, 1342 (8th Cir. 1997)).  "[I]f a party fails to appeal 'within the time limited by the acts of Congress, [the case] must be dismissed for want of jurisdiction.'" *In re Heyl*, 609 B.R. 194, 198-99 (B.A.P. 8th Cir. 2019) (quoting *Bowles v. Russell*, 551 U.S. 205, 209 (2007)) (alterations in original).

However, a party may file a motion for extension of time to appeal within fourteen days of the decision or within twenty-one days after the fourteen-day period upon a showing of excusable neglect.  Fed. R. Bankr. P. 8002(d)(1).  Congress has failed to define excusable neglect, however, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  Relevant factors are "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*.  "The appellants bear the burden of demonstrating that excusable neglect exists." *In re Heyl*, 609 B.R. at 200 (citing *Hartford Cas. Ins. Co. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 214 B.R. 197, 200 (8th Cir. BAP 1997)).

The Bankruptcy Court examined each factor of the *Pioneer* test and determined that they all weighed against Debtor.  R. 100-07.  Foremost, the court did not find Debtor's reason for the delay persuasive.  *Id*. at 100-05.  Debtor claims that she was unable to appeal within the fourteen-day period because her attorney did not discuss appeal with her and withdrew from the case.  Dkt. No. 12 at 5-6, 11-12.  Additionally, Debtor argues the Bankruptcy Court's decision was published

on December 23, while Debtor was in Florida, the court was closed for four days during the holidays, Debtor could not get a flight back to New York to file her appeal in person until January 10, 2020, and she was busy caring for her son as he recovered from surgery. *Id*.; R. 108-113.

The Bankruptcy Court's decision was entirely based in precedent and addressed each of these excuses. *See* R. 100-07. Indeed, Debtor, now represented by counsel, has not provided any case law demonstrating that her motion should have been granted in her favor. *See* Dkt. No. 12 at 11-12. Rather, Debtor focuses on the cumulative effect of her circumstances and especially her *pro se* status. *Id*. However, as the Bankruptcy Court observed, Debtor's *pro se* status is not controlling. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *In re Heyl*, 609 B.R. at 202 ("While pro se litigants are to be given the benefit of the doubt, they must nevertheless make an effort to comply with procedural rules"); *see also In re Kwong*, No. 3:17-CV-00496, 2017 WL 2661627, *3 (D. Conn. June 20, 2017); *In re Residential Cap., LLC*, No. 14 CIV. 9723, 2015 WL 405570, *2 (S.D.N.Y. Jan. 30, 2015); *Chiulli v. I.R.S.*, No. 03 CIV. 6670, 2005 WL 3021179, *3 (S.D.N.Y. Sept. 21, 2005); *In re Enron Corp.*, 364 B.R. 482, 488 (S.D.N.Y. 2007).

Further, multiple courts have found that the cumulative effect of multiple impediments does not establish excusable neglect. *In re Heyl*, 609 B.R. at 199-201 (affirming a finding that there was no excusable neglect where the debtor moved for an extension while counsel's motion to withdraw was pending, she cared for her sick mother and was continually traveling to do so, she lived far from the court, and the decision was issued during the holiday season); *In re Enron*

*Corp.*, 364 B.R. 482, 488 (S.D.N.Y. 2007) (affirming the bankruptcy court's decision where debtor appeared *pro se*, did not receive a copy of the decision, and resided a great distance from the court house); *In re Poddar*, 507 Fed. Appx. 773 (10th Cir. 2013) (affirming a finding of lack of excusable neglect where the debtor claimed she missed the filing date by three days because she was in India caring for her sick mother and was also too sick to travel back to the United States).

Importantly, the Bankruptcy Court noted that while illness can support a finding of excusable neglect, Debtor herself was not sick; rather, she was caring for her son while he recovered from a surgery he received fifty-three days before Debtor's final day to appeal. R. 102. While Debtor also asserts that she could not get to New York before the filing deadline, she was permitted to file her motion via mail or delivery services.

Finally, Debtor asserts that as the *Pioneer* decision states "that the determination is at bottom an equitable one," the Bankruptcy Court should have found that equity required a finding of excusable neglect. Dkt. No. 12 at 11 (quoting *Pioneer*, 507 U.S. at 395). However, the Second Circuit has noted, "that the equities will rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule' and held that where 'the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test.'" *Silivanch v. Celebrity Cruises, Inc*., 333 F.3d 355, 366–67 (2d Cir. 2003) (quoting *Canfield v. Van Atta Buick/GMC Truck, Inc*., 127 F.3d 248, 250 (2d Cir. 1997)). The Court therefore agrees that the equitable decision was to deny Debtor's motion in light of the continued delay in the case, the lack of basis for Debtor to change her domicile over three years into her bankruptcy proceedings

to claim the exemption under Florida law, and considering the interest of all the parties who deserve a final resolution to this matter.

As the Bankruptcy Court's decision was well-reasoned and appropriately applied the *Pioneer* factors, the decision must stand. *In re Lang*, 414 F.3d 1191, 1194 (10th Cir. 2005).

**D.      Liquidation Order**

Having determined that the Bankruptcy Court properly determined that Debtor's domicile was not Florida and that she was, therefore, not entitled to the claim the IRA as exempt under Florida Statutes § 222.21, the court did not exceed the limits of its authority under Section 105(a) and its inherent powers by ordering the liquidation of the IRA.  The Court therefore affirms.

### IV. CONCLUSION

After carefully reviewing the record on appeal, the parties' submissions and the applicable law, and for the foregoing reasons, the Court hereby

**ORDERS** that the judgment of the bankruptcy court is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 24, 2021
        Albany, New York

Mae A. D'Agostino
U.S. District Judge